UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60236-CIV-MARRA/BRANNON

THAMARA MARCENARO AND MARIA
ISABEL BUCHILLON,

Plaintiffs,

vs.

CREATIVE HAIRDRESSERS INC.,
a/k/a HAIR CUTTERY,

Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiffs Thamara Marcenaro and Maria Isabel Buchillon's ("Plaintiffs") Motion to Remand Matter (DE 4). The motion is fully briefed and ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiffs filed a two-count Complaint in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida for damages, attorney's fees and costs under the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes § 760. According to the allegations of the Complaint, Plaintiffs, who are of Hispanic origin, were employees of Defendant. (Compl. ¶ 9.) During their employment, Plaintiffs "were subjected to discrimination and harassment from Defendant, based on their Hispanic origin, including derogatory comments, insults" and "told not to speak Spanish in the office with each other." (Id. at ¶ 11.) Supervisors also sent Plaintiffs home earlier than similarly situated non-Hispanic employees. (Id. at ¶ 12.) When Plaintiffs

objected to this conduct, they were terminated shortly thereafter, on December 3, 2010. (Id. at ¶ 13.)

The Complaint seeks damages, including "damages to reputation, confidence and self-esteem;" "loss of past and future income;" "loss of future earning capacity;" "loss of other fringe benefits;" "stress, anxiety and emotional distress;" "significant past and future pain and suffering" and "other financial losses." (Id. at ¶ ¶ 17, 22.) Plaintiffs also seek "reasonable attorney's fees, expert fees, costs and expenses related to this litigation" and "any other lawful and equitable relief." (Id. at ¶ 18, 23.)

Defendant, on the basis of diversity jurisdiction, removed the case to this Court on February 8, 2012. (Notice of Removal, DE 1.) Plaintiffs have now moved to remand the action. While Plaintiffs do not dispute the existence of diverse citizenship, Plaintiffs state that this "case should not have been removed because the amount in controversy does not nearly exceed $75,000" and Defendant has attempted to satisfy the amount in controversy requirement with "speculative submissions." (Mot. at 1-2.) Defendant responds that Plaintiffs have "intentionally tried to avoid federal court jurisdiction by hiding the extent of their damages from their Complaint" and "federal courts have consistently allowed a removing party to estimate potential damages in circumstances where the Plaintiffs' Complaint lacks any damages calculation, and the amendments to the removal statute now specifically allow the moving party to 'assert the amount in controversy.'" (Resp. at 2, DE 7.) (emphasis in original).

Attached to Defendant's notice of removal is the affidavit of Amanda Naté Venkatesan, the senior associate relations advisor for Defendant. (Venkatesan Aff. ¶ 2, DE 1-3.) According to Ms. Venkatesan, Ms. Buchillon was employed by Defendant from July 12, 2004 until December

3, 2010. In 2010, Ms. Buchillon earned $19,596.88, which varied monthly based on commissions. (Id. at ¶ 6.)  Ms. Marcenaro was employed by Defendant from February 23, 2009 until December 3, 2010.  Ms. Marcenaro earned $9,225.17, which also varied monthly based on commissions. (Id. at ¶ 7.)

    II.  Discussion

Where, as here, a plaintiff's claims for damages are unspecified in the complaint, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).  The sufficiency of the amount of controversy is determined at the time of removal.  Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) (the Court "focuses on how much is in controversy at the time of removal, not later").  "[T[he pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover." Id. (quoting Amoche v. Guarantee Trust Life Insurance Co., 556 F.3d 41, 51 (1st Cir. 2009)). When a case has been removed pursuant to paragraph one of 28 U.S.C. § 1446(b),[1] the moving party may provide additional evidence to satisfy its burden. Id. at 753-54.  That stated, a defendant may satisfy this requirement without additional evidence if it is "facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum."  Roe v. Michelin North America, Inc., 613 F.3d 1058, 1061 (11th Cir. 2010) (internal quotation marks omitted).  "[A] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." Pretka, 608 F.3d at 754.  In considering the

---

[1] The instant case was removed pursuant to the first paragraph of 28 U.S.C. § 1446(b); that is, within 30 days of service of the initial pleading. (Notice of Removal ¶ 2.)

allegations and evidence of the parties, the Court may use "common sense" and make "reasonable deductions, reasonable inferences, or other reasonable extrapolations." Id. at 754, 770; see Roe, 613 F.3d at 1062 ("courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.")

A.  Back pay calculation

In calculating back pay, Defendant posits that Plaintiff Buchillon's back pay claim could be approximately $42,459.82 if the Court were to use a time period of her termination date until an estimated trial date of February 2013. (Notice of Removal ¶ 17; Resp. at 6-7.)  Plaintiffs object to this calculation on two bases: (1) Defendant's calculation of Plaintiff Buchillon's back pay is speculative and (2) Defendant's calculation fails to take into account Plaintiff Buchillon's duty to mitigate. (Mot. at 5.)

Here, the Court finds that it is appropriate to use the trial date of February 2013 in order to calculate the probable back pay of Plaintiff Buchillon.[2]  See Messina v. Chanel, Inc., No. 10–24518–CIV, 2011 WL 2610521, at * 2 (S.D. Fla. July 1, 2011); Cashman v Host International, Inc., No. 8:10–cv–1197–T–30MAP, 2010 WL 4659399, at * 1 (M.D. Fla. Nov. 9, 2010); Deel v. Metromedia Restaurant Svcs., Inc., No. 3:05CV120/MCR, 2006 WL 481667, at * 3 (N.D. Fla. Feb. 27, 2006).  With respect to Plaintiffs' duty to mitigate damages, the Court concludes that the burden is on Plaintiff Buchillon to demonstrate that mitigation of damages has

---

[2]  In opposing the use of this trial date, Plaintiffs point to cases that rely upon Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007). (Mot. at 5-6.)  However, in Pretka, the Court stated that "Lowery did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible" for purposes of establishing the amount in controversy. Pretka, 608 F.3d at 753; see also Roe, 613 F.3d at 1062 ("courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.")

occurred. See Taylor v. Air Atlanta Icelandic, No. 11–60289–CIV, 2011 WL 1131086, at * 2 (S.D. Fla. Mar. 25, 2011); Foster v. Resources for Human Development, Inc., No. 8.07-cv-01096-T-17-EAJ, 2007 WL 2225811, at * 6 (M.D. Fla. July 31, 2007).  Plaintiff Buchillon has not met this burden.[3]

Based on the evidence provided by Defendant, Plaintiff Buchillon's claim for back pay from December 2010 to February 2013 is approximately $42,459.82.

B.  Calculation of Compensatory and Punitive Damages and Equitable Relief

Plaintiffs contend that, with respect to compensatory damages, punitive damages and equitable relief, Defendant has failed to provide support for determining the amount of potential damages and therefore it is impossible to conclude that it is more likely than not that the amount in controversy exceeds $75,000. (Mot. at 8; Reply at 6-7.)  In contrast, Defendant asserts that because an award of compensatory damages could easily match the amount of economic damages, the amount in controversy exceeds $75,000.  Additionally, Defendant states that the FCRA permits each Plaintiff to recover up to $100,000.00 in punitive damages, and because neither Plaintiff has indicated they are seeking less than the statutory maximum, the amount in controversy is met. (Resp. at 10.)  Plaintiff responds that there is no way to assess the potential for punitive damages. (Reply at 6, DE 8.)

Compensatory damages do not include backpay, but may include, but is not limited to, damages for mental anguish, loss of dignity, and other intangible injuries. Florida Statute §

---

[3] Plaintiffs' reliance on Fusco v. Victoria's Secret Store, LLC, 806 F. Supp. 2d 1240 (M.D. Fla. Aug. 19, 2011)  is unpersuasive.  In that case, the plaintiff provided the court with an affidavit regarding mitigation.

760.11(5). Here, there is no information before the Court that allows it to assess or even make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" as to the type or amount of compensatory damages to which Plaintiffs might be entitled. Pretka, 608 F.3d at 754. Based on the dearth of any evidence before the Court, the Court rejects Defendant's suggestion that compensatory damages would necessarily equal the amount of economic damages.[4] (Resp. at 9.)

Likewise, with respect to punitive damages, the Court disagrees with Defendant that the mere request for punitive damages by Plaintiffs satisfies the $75,000 jurisdictional threshold. (Resp. at 10.) Drawing such a conclusion would be nothing more than speculation and is impermissible. See Desmond v. HSBC Card Services, Inc., No.:09-cv-1272-T-23TBM, 2009 WL 2436582, at * 2 (M.D. Fla. Aug. 6, 2009) ("if the prayer for punitive damages satisfies the amount in controversy requirement, nearly every . . . case is immediately removable"). The Court finds it equally speculative to assume that the equitable relief sought by Plaintiffs can establish the amount in controversy. (Resp. at 12.) Cf. Armstrong v. Charlotte County Bd. of County Commissioners, 273 F. Supp. 2d 1312, 1314 (M.D. Fla. 2003) (noting that reinstatement is the preferred remedy in a wrongful discharge case, but "extenuating circumstances" may warrant the court to award a plaintiff front pay in lieu of reinstatement).

---

[4] The Court also rejects Defendant's reliance on jury awards for compensatory damages in "similar cases." (Notice of Removal ¶ 19.) With no factual record on which to base a finding of intangible injuries, the Court cannot extrapolate from these jury verdicts. See Moore v. CNA Found., 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007) (concluding that the defendant's "representative cases" were "so factually and legally distinguishable from this case that it is impossible to draw any reasonable conclusions from them").

C.  Attorney's Fees

Defendant argues that, in calculating the amount in controversy, the Court should consider attorney's fees. At a minimum, Defendant contends that, in the context of removal, reasonable fees should be calculated to be at least one-third of any damage award, and it is permissible for defense counsel to submit an estimate of a plaintiff's attorney's fees. (Resp. at 11-12.)  Plaintiffs, however, claim that attorney's fees should not be considered in determining the amount of controversy in FCRA claims because the FCRA only allows "fees" to be awarded as part of "costs."  Plaintiffs also note that Defendant has failed to provide actual evidence in support of its calculation regarding attorney's fees. (Mot. at 9-10.)

Although Defendant contends that the attorney's fees in this case will amount to $62,500, Defendant does not provide any evidence to support its assertion.  Instead, Defendant merely provides statements in its memorandum. (Resp. at 12.)   As such, the Court will not rely on this proffered amount.  See SUA Ins. Co. v. Classic Home Builders, LLC, 751 F. Supp. 2d 1245, 1256 (S.D. Ala. 2010) (quoting Pretka, 608 F.3d at 755) (failure of the defendant to submit affidavits, declarations or other documentation regarding the amount of attorney's fees makes claimed amount in controversy conclusory); see also Cohen v. Office Depot, 204 F.3d 1069, 1080 n.10 (11th Cir. 2000) ("Arguably, when the amount in controversy substantially depends on a claim for attorney fees, that claim should receive heightened scrutiny.")  While it is true "that a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it[,]" Pretka, 608 F.3d at 754, it is equally true that "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence,

the existence of jurisdiction should not be divined by looking to the stars."[5] Lowery, 483 F.3d at 1215.  For this reason, the Court finds that attorney's fees does not assist in meeting the jurisdictional requirement.

Lastly, the Court denies Plaintiff's request for attorney's fees and costs pursuant to 28 U.S.C. § 1447(c) associated with the filing of this motion. The Supreme Court has held that, absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal. Martin v. Frankling Capital Group, 546 U.S. 132, 136 (2005). "The appropriate test for awarding fees under § 1447(c) should recognize Congress' desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party" and this determination "should turn on the reasonableness of the removal." Id. at 140-41. Here, the Court notes that Defendant's legal arguments were colorable and reasonable, especially given the recent development of removal law since the issuance of the 2010 Pretka decision. Cf. Letner v. Unum Life Ins. Co. of Am., 203 F. Supp .2d 1291, 1302 (N.D. Fla. 2001) (awarding attorney's fees and costs when case was removed without scintilla of legitimate evidence). Moreover, the Court finds that Defendant did not remove the case for the purpose of prolonging litigation or imposing costs. Therefore, an award of attorney's fees and costs is not warranted.

---

[5] Because Defendant has failed to provide a non-conclusory amount of attorney's fees, the Court need not address the remaining arguments (i.e., whether attorney's fees should be calculated from the date of removal or through the end of the case and whether attorney's fees can be considered in determining the amount in controversy in FCRA claims.)

III.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Remand Matter (DE 4) is **GRANTED**. The above-styled action is **REMANDED** back to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida.  All pending motions are **DENIED AS MOOT**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of April, 2012.

KENNETH A. MARRA
United States District Judge